RICH MICHAELSON MAGALIFF MOSER, LLP
340 Madison Avenue, 19th Floor
New York, NY 10173
212.220.9402
Howard P. Magaliff

*Attorneys for Howard P. Magaliff,*
*Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                  :
                                                        :        Chapter 11
COMMONWEALTH REALTY GROUP, LLC,     :        Case No. 13-23214 (RDD)
                                                        :
                    Debtor.                         :
---------------------------------------------------------------x
HOWARD P. MAGALIFF, as Chapter 11      :
Trustee of Commonwealth Realty Group, LLC,  :
                                                        :
                    Plaintiff,                       :        Adv. Pro. No. 14-_____
                                                        :
            -against-                               :
                                                        :
LIQUID LOUNGE and JAMES CABAN,     :
                                                        :
                    Defendants.                   :
---------------------------------------------------------------x

## COMPLAINT TO DETERMINE
## VALIDITY OF LEASE AND FOR DAMAGES

        Howard P. Magaliff, the chapter 11 trustee (the "Trustee") of the estate of Com-

monwealth Realty Group LLC (the "Debtor"), as and for his complaint against Liquid Lounge

and James Caban ("Caban") ("Defendants"), alleges the following upon knowledge as to his own

acts and otherwise upon information and belief:

### INTRODUCTION

        1.      The Trustee brings this action pursuant to Rules 7001(1), (2), (7) and (9)

and Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sec-

tions 541(a) and 542(a) to determine the validity of a purported lease between the Debtor, as

{00005917v1 }

landlord and Liquid Lounge, as tenant, and to declare the lease void and unenforceable, (ii) if the

lease is valid, for damages and turnover equal to the amount of rent set forth in the lease from

December 1, 2013, and (iii) if the lease is not valid, permanently enjoining the Defendants and

their officers, employees, servants, agents and anyone acting in concert with any of them from

entering into and performing any work in the demised premises.

## THE PARTIES

2.      The Debtor filed a voluntary *pro se* petition for relief under chapter 11 of

the Bankruptcy Code on July 22, 2013 (the "Filing Date").  Subsequently, the Debtor retained

Elizabeth A. Haas, Esq., PLLC as counsel.

3.      On October 24, 2013, the Court entered an Order granting the application

of the United States Trustee to appoint a chapter 11 trustee pursuant to section 1104(a) of the

Bankruptcy Code [doc. 28].  On the same day, the Unites States Trustee appointed the Trustee as

the chapter 11 trustee [doc. 29], and on October 25, the Court entered an Order approving the

Trustee's appointment [doc. 32].

4.      Defendant Caban is the sole equity holder of the Debtor, with an address

at 8 The Promenade, New City, NY 10956 according to the Debtor's List of Equity Security

Holders filed on August 16, 2013 [doc. 10].

5.      Upon information and belief, defendant Liquid Lounge is an entity whose

principals include defendant Caban, Caban's father and an unidentified third person.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

{00005917v1 }

8.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  If any of the claims asserted in this adversary proceeding are determined to be non-core, the Trustee consents to the entry of final judgment by the Bankruptcy Court.

## GENERAL ALLEGATIONS

9.      The Debtor owns a 12-unit residential apartment building located at 1547 Commonwealth Avenue, Bronx, NY (the "Property").  The Property also had five commercial units as of the Filing Date totaling in the aggregate approximately 4,000 square feet.  The Property has been cited with over 300 housing code violations and as a result has been placed on the New York City Housing Preservation & Development's Alternative Enforcement Program.  At the time of the Trustee's appointment, the Debtor's sole member with responsibility for management, James Caban was in jail.

10.     The Debtor and Liquid Lounge entered into a purported lease dated July 1 (sic) for property (the "demised premises") located in the building known as 1756 E. Tremont Ave. (sic) (the "Lease").  A copy of the Lease is attached as Exhibit 1.

11.     The demised premises are not identified in the Lease.  Upon information, the demised premises consist of the five commercial units at the Property which have been combined into a single unit.

12.     The Lease is for a term of ten years commencing December 1, 2013, with an option for the tenant to renew for another ten years.

13.     The Lease provides for monthly rent of $5,000 for years 1 through 5 commencing December 1, 2013, and monthly rent of $7,000 for years 6 through 10.

14.     The Lease does not appear to be signed.  "Commonwealth Realty Group" is written in the space for the landlord's signature, and "Liquid Lounge" is written in the space for the tenant's signature.

3

{00005917v1 }

15.    No individual's name appears anywhere on the Lease as a principal, of-
ficer or authorized signatory of either the Debtor or Liquid Lounge.

16.    The purported execution of the Lease is not witnessed.

17.    The signatures of the parties are not notarized or otherwise acknowledged.

18.    The ECF docket of the case does not reflect that the Debtor sought author-
ization to enter into the Lease.

## FIRST CLAIM FOR RELIEF
### (Determination of Validity of Lease)

19.    Plaintiff incorporates each of the foregoing paragraphs as if fully set forth
herein.

20.    The Statute of Frauds provides: "A contract for the leasing for a longer pe-
riod than one year, or for the sale, of any real property, or an interest therein, is void unless the
contract or some note or memorandum thereof, expressing the consideration, is in writing, sub-
scribed by the party to be charged, or by his lawful agent thereunto authorized by writing."  N.Y.
Gen. Oblig. Law § 5-703(2) (McKinney).

21.    Pursuant to 11 U.S.C. § 363(b) and Bankruptcy Rule 7001(2), Plaintiff is
entitled to a judgment determining whether the Lease was properly subscribed and executed, and
whether the Lease is valid.

## SECOND CLAIM FOR RELIEF
### (In the Alternative, Damages Pursuant to 11 U.S.C. § 541)

22.    Plaintiff incorporates each of the foregoing paragraphs as if fully set forth
herein.

23.    Property of the estate includes all legal or equitable interests in property
that the estate acquires after the commencement of the case, under 11 U.S.C. § 541(a)(7).

24.    Rent due under the Lease is property of the estate.

4

25.     Pursuant to 11 U.S.C. § 542(b), "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor."

26.     If the Court determines that the Lease is valid, then pursuant to 11 U.S.C. §§ 541(a)(7) and 542(b), Plaintiff is entitled to a judgment directing turnover and payment for the amount of rent due under the Lease from December 1, 2013.

**THIRD CLAIM FOR RELIEF**
**(Permanent Injunction)**

27.     Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

28.     If the Lease is not valid, Plaintiff is entitled to an order permanently enjoining the Defendants and their officers, employees, servants, agents and anyone acting in concert with any of them from entering, using, making renovations to or in any way interfering with the Trustee's use and possession of the demised premises.

**WHEREFORE**, the Trustee requests the entry of judgment in his favor as follows:

(a)     On the first claim for relief, determining whether the Lease is valid;

(b)     On the second claim for relief, for damages in the amount of unpaid rent from December 1, 2013;

(c)     On the third claim for relief, an order permanently enjoining the Defendants and their officers, employees, servant, agents and anyone acting in concert with any of them from entering, using, making renovations to or in any way interfering with the Trustee's use and possession of the demised premises;

(d)     Costs and attorney fees; and

{00005917v1 }

(e)      Such other and further relief as is necessary and proper.


Dated:  New York, New York
        February 17, 2014

                                RICH MICHAELSON MAGALIFF
                                MOSER, LLP
                                Counsel for the Trustee
                                By:


                                /s/ Howard P. Magaliff
                                HOWARD P. MAGALIFF
                                340 Madison Avenue, 19th Floor
                                New York, NY 10173
                                212.220.9402
                                *hmagaliff@r3mlaw.com*

{00005917v1 }

## **EXHIBIT 1**

Blumberg's Law Products ®

A-35 — Lease, Business Premises.
Loft, Office or Store 11-96

Blumberg Excelsior, Inc., Publisher, NYC 10013
www.blumberg.com

# This Lease

made the __14__ day of __July__ between

hereinafter referred to as LANDLORD, and

__Commonwealth Realty Group__ *Commonwealth Realty Group and*
__Liquid Lounge__

hereinafter jointly, severally and collectively referred to as TENANT.

**Witnesseth,** that the Landlord hereby leases to the Tenant, and the Tenant hereby hires and takes

from the Landlord

in the building known as __1750 E. Tremont__

to be used and occupied by the Tenant __Liquid Lounge__

and for no other purpose, for a term to commence on __Dec 14 2013__

on __Dec 31st 2023__ unless sooner terminated as hereinafter provided, at the ANNUAL RENT of __and to end__

*Commonwealth realty group and
Tenant shall be given additional one (1) option renew lease w/permits*

Yrs 1-5 @ 5,000.00 per month
Yrs 6-10 @ 7,000.00 per month

*Tenant has option to 10 additional yrs.*

Yrs 1-5 @ 9,000.00 per month
Yrs 11-15 @ 9,000.00 per month w/permits

all payable in equal monthly installments in advance on the first day of each and every calendar month during said term,

except the first installment, which shall be paid upon the execution hereof.

**THE TENANT JOINTLY AND SEVERALLY COVENANTS:**

**FIRST.—**That the Tenant will pay the rent as above provided.

**SECOND.—**That, throughout said term the Tenant will take good care of the demised premises, fixtures and appurtenances, and all alterations, additions and improvements to either; make all repairs in and about the same necessary to preserve them in good order and condition, which repairs shall be, in quality and class, equal to the original work; promptly pay the expense of such repairs; suffer no waste or injury; give prompt notice to the Landlord of any fire that may occur; execute and comply with all laws, rules, orders, ordinances and regulations at any time issued or in force (except those required to be made by the Landlord), applicable to the demised premises or to the Tenant's occupation thereof, of the Federal, State and Local Governments, and of each and every department, bureau and official thereof, and of the New York Board of Fire Underwriters; permit at all times during usual business hours, the Landlord and representatives of the Landlord to enter the demised premises for the purpose of inspection, and to exhibit them for purposes of sale or rental; suffer the Landlord to make repairs and improvements to all parts of the building, and to comply with all orders and requirements of governmental authority applicable to said building or to any occupation thereof; suffer the Landlord to erect, use, maintain, repair and replace pipes and conduits in the demised premises and to the floors above and below; forever indemnify and save harmless the Landlord for and against any and all liability, penalties, damages, expenses and judgments arising from injury during said term to person or property of any nature, occasioned wholly or in part by any act or acts, omission or omissions of the Tenant, or of the employees, guests, agents, assigns or undertenants of the Tenant and also for any matter or thing growing out of the occupation of the demised premises or of the streets, sidewalks or vaults adjacent thereto; permit, during the six months next prior to the expiration of the term the usual notice "To Let" to be placed and to remain unmolested in a conspicuous place upon the exterior of the demised premises; repair, at or before the end of the term, all injury done by the installation or removal of furniture and property; and at the end of the term, to quit and surrender the demised premises with all alterations, additions and improvements in good order and condition.

**THIRD.—**That the Tenant will not disfigure or deface any part of the building, or suffer the same to be done, except so far as may be necessary to affix trade fixtures as herein provided; nor obstruct, or permit the obstruction of the street or the sidewalk adjacent thereto; nor do anything, or suffer anything to be done upon the demised premises which will increase the rate of fire insurance upon the building or any of its contents, or be liable to cause structural injury to said building; will not permit the accumulation of waste or refuse matter, and will not, without the written consent of the Landlord first obtained in each case, either sell, assign, mortgage or transfer this lease, underlet the demised premises or any part thereof, or permit the same or any part thereof to be occupied by anybody other than the Tenant and the Tenant's employees, or make any alterations in the demised premises, or use the demised premises or any part thereof for any purpose other than that above stipulated, or for any purpose deemed extra hazardous on account of fire risk, nor in violation of any law or ordinance. That the Tenant will not obstruct or permit the obstruction of the light, halls, stairway or entrances to the building, and will not erect or inscribe any sign, signal or illumination without the prior written approval of the Landlord.

**IT IS MUTUALLY COVENANTED AND AGREED, THAT**

**FOURTH.—**If the demised premises shall be partially damaged by fire or other cause without the fault or neglect of the Tenant's servants, employees, agents, visitors or licensees, the damages shall be repaired by and at the expense of the Landlord and the rent until such repair shall be made shall be apportioned according to the part of the demised premises which is usable by Tenant. But if such partial damage is due to the fault or neglect of Tenant's servants, employees, agents, visitors or licensees, without prejudice to any other rights and remedies of Landlord and without prejudice to the rights of subrogation of Landlord's insurer, the damages shall be repaired by Landlord but there shall be no apportionment or abatement of rent. No penalty shall accrue for reasonable delay which may arise by reason of adjustment of insurance on the part of Landlord and/or Tenant, and for reasonable delay on account of "labor troubles", or any other cause beyond Landlord's control. If the demised premises are totally damaged or are rendered wholly untenantable by fire or other cause, and if Landlord shall decide not to restore or not to rebuild the same, or if the building shall be so damaged that Landlord shall decide to demolish it or to rebuild it, then or in any of such events Landlord may, within ninety (90) days after such fire or other cause, give Tenant a notice in writing of such decision, which notice shall be given as in Paragraph Twelve hereof provided, and thereupon the term of this lease shall expire by lapse of time upon the third day after such notice is given, and Tenant shall vacate the demised premises and surrender the same to Landlord. If Tenant shall not be in default under this lease then, upon the termination of this lease under the conditions provided for in the sentence immediately preceding, Tenant's liability for rent shall cease as of the day following the casualty. Tenant hereby expressly waives the provisions of Section 227 of the Real Property Law and agrees that the foregoing provisions of this Article shall govern and control in lieu thereof. If the damage or destruction be due to the fault or neglect of the Tenant the debris shall be removed by, and at the expense of the Tenant.

**FIFTH.—**If the whole or any part of the premises hereby demised shall be taken or condemned by any competent authority for any public use or purpose then the term hereby granted shall cease from the time when possession of the part so taken shall be required for such public purpose and without apportionment of award, the Tenant hereby assigning to the Landlord all right and claim to any such award, the current rent, however, in such case to be apportioned.

**SIXTH.—**If, before the commencement of the term, the Tenant be adjudicated a bankrupt, or make a "general assignment," or take the benefit of any insolvent act, or if a Receiver or Trustee be appointed for the Tenant's property, or if this lease or the estate of the Tenant hereunder shall be transferred or pass to, or devolve upon, any other person or corporation, or if the Tenant shall default in the performance of any agreement by the Tenant contained in any other lease to the Tenant by the Landlord or any person who, at the time of the execution of this lease, stands in the relation of Landlord to the Tenant, this lease shall thereby, at the option of the Landlord, be terminated and in that case, neither the Tenant nor anybody claiming under the Tenant shall be entitled to go into possession of the demised premises. If after the commencement of the term, any of the events mentioned above in this subdivision shall occur, or if Tenant shall make default in fulfilling any of the covenants of this lease, other than the covenants for the payment of rent or "additional rent" or if the demised premises become vacant or deserted, the Landlord may give to the Tenant ten days' notice of intention to end the term of this lease, and thereupon at the expiration of said ten days' (if said condition which was the basis of said notice shall continue to exist) the term under this lease shall expire as fully and completely as if that day were the date herein definitely fixed for the expiration of the term and the Tenant will then quit and surrender the demised premises to the Landlord, but the Tenant shall remain liable as hereinafter provided.

POSSESSION

ATTORNEYS FEES

NO REPRE- SENTATIONS

ENTRY

VAULT SPACE

SHORING OF WALLS

RULES, ETC.

NO ABATEMENT

NO LIABILITY

NOTICES

MORTGAGES

COLLECTION OF RENT FROM OTHERS

AS TO WAIVERS

ADDITIONAL RENT

LANDLORD PERFORM

REMEDIES ARE CUMULATIVE

RE-LETTING

WAIVER BY TENANT

RE-POSSESSION BY LANDLORD

---

In the event of a breach or threatened breach by the Tenant of any of the covenants or provisions hereof, the Landlord shall have the right of injunction and the right to invoke any remedy allowed at law or in equity, as if re-entry, summary proceedings and other remedies were not herein provided for.

SEVENTEENTH.—The failure of the Landlord to insist, in any one or more instances upon a strict performance of any of the covenants herein contained, or the Landlord may immediately re-enter and resume possession of the demised premises or against premises of which the demised premises are a part, or purporting to be by the respective parties in the building.

EIGHTEENTH.—That during seven months prior to the expiration of the term hereby granted, applicants for the demised premises. Landlord makes no representation as to the location of the property line of the building are leased hereunder.

NINETEENTH.—The Landlord has made no representations or promises in respect to said building or to the demised premises except as herein expressly set forth.

TWENTIETH.—If the Tenant shall at any time be in default hereunder, and if the Landlord shall institute an action or summary proceeding against the Tenant based upon such default.

TWENTY-FIRST.—Landlord shall not be liable for failure to give possession of the premises upon commencement date by reason of the fact that premises are not ready for occupancy.

**THE TENANT FURTHER COVENANTS:**

**TWENTY-SECOND.**—If by reason of the conduct upon the demised premises or any part thereof of any business not herein permitted, or if by reason of the improper or careless conduct of any business upon or use of the demised premises in a manner more hazardous than when this lease was made, the rate of fire insurance shall be higher than it otherwise would be, then the Tenant will reimburse the Landlord, as additional rent hereunder, for that part of the premiums for fire insurance paid by the Landlord because of such improper or careless conduct of business by the Tenant, and such other increase as shall be caused by the conduct of any business not permitted, upon the demised premises. Such proportionate part of the premium, as indicated by said meter, as it may apply to the several premises, shall be a further charge against the Tenant payable to the Landlord as additional rent.

**TWENTY-THIRD.**—Any increase in premium of any insurance policy on the building of which the demised premises are a part, by reason of non-occupancy, during the period of the respective charges, taking into consideration date of issuance of said policy, shall be deemed to have been issued in favor of the Tenant, and Tenant agrees to pay the same as additional rent.

**TWENTY-FOURTH.**—That the Tenant will purchase from the Landlord, if the Landlord shall so desire, all electric current that the Tenant requires at the demised premises, and will pay the Landlord for the same, the amount of consumption to be determined as stated and as aforesaid, of the sewer rent or charge imposed or of assessed supervisory service.

**TWENTY-FIFTH.**—That the Tenant will purchase from the Landlord, if the Landlord shall so desire, all electric current that the Tenant requires at the demised premises, and will pay the Landlord for the same, the amount of consumption to be determined as stated and as aforesaid, throughout the term. The Tenant shall comply with all rules, regulations and contract provisions as those prescribed by said company for a consumption similar to that of the Tenant.

**TWENTY-SIXTH.**—The sum of $.............. is deposited by the Tenant with the Landlord as security for the faithful performance of all the covenants and conditions of the lease by the Tenant. If the Tenant faithfully performs all the covenants and conditions on his part to be performed, then the sum deposited shall be returned to said Tenant.

**TWENTY-SEVENTH.**—This lease is granted and accepted on the especially understood and agreed condition that the Tenant will conduct his business in a manner such as will not interfere with or impair in any way the customary quietude of the demised premises, and that if the Tenant shall fail to keep and perform the same, the Landlord at his option may cancel and terminate this lease.

**TWENTY-EIGHTH.**—This lease is granted and accepted on the especially understood and agreed condition that the Tenant will operate the demised premises in accordance with the rules and regulations of the several boards of the municipality or state having jurisdiction thereof, and Tenant's failure to comply with the requirements of the aforesaid laws, ordinances, regulations and/or rules, shall be a default of the Tenant.

**TWENTY-NINTH.**—A "sprinkler system" if installed is maintained for the Tenant's business, or the location of partitions, trade fixtures, or other contents of the demised premises, or if such changes, if any, the Tenant agrees to pay the said premium of the aforesaid commission to the said broker for the full allowance, or Fire Insurance Exchange, or by any Fire Insurance Company, the New York Fire Insurance Rating Organization, or by any Fire or Sprinkler Bureau, Fire Insurance Rating Organization or other body making or establishing fire insurance rates. As such expense, promptly make and supply such devices required by law, ordinance, regulation or rule.

**THIRTIETH.**—The Tenant hereby recognizes ............. as the broker who negotiated and consummated this lease with the Landlord, and agrees that if any controversy arises as to the payment of the aforesaid commission to the said broker, the said broker shall be held to be the sole and only broker who negotiated and consummated this lease.

**THIRTY-FIRST.**—The Landlord hereby recognizes ............. as the broker who negotiated and consummated this lease.

**THIRTY-SECOND.**—In order to avoid delay, this lease has been prepared and submitted to the Tenant for signature with the understanding that it shall not bind the Landlord unless and until it is executed and delivered by the Landlord.

**THIRTY-THIRD.**—The Landlord will keep clean and polished all metal, trim, marble and stonework which are a part of the exterior of the premises, using such materials and methods as may be reasonably necessary, and if the Tenant shall fail to comply with the provisions of this paragraph, the Landlord may cause such work to be done at the expense of the Tenant.

**THIRTY-FOURTH.**—The Tenant will keep clean and in order, at the Tenant's own expense, and to the satisfaction of the Landlord, all sidewalks, curbs, and the ash cans or containers used in connection therewith, and will not place or suffer to be placed or kept any obstruction or encroachment of any kind, and will not place or maintain any merchandise, trash, refuse or other things on the sidewalk or curb adjacent to the demised premises.

**THIRTY-FIFTH.**—This lease and the obligation of Tenant to pay rent hereunder and perform all of the other covenants and agreements hereunder on part of Tenant to be performed shall in nowise be affected, impaired or excused because Landlord is unable to supply or is delayed in supplying any equipment or fixtures if Landlord is prevented or delayed from so doing by reason of governmental preemption in connection with the United States of America or in connection with any rule, order or regulation of any department or subdivision thereof of any government agency or by reason of the conditions of supply and demand which have been or are affected by war or other emergency.

**THE LANDLORD COVENANTS:**

**FIRST.**—That if and so long as the Tenant pays the rent and "additional rent" reserved hereby, and performs and observes the covenants and provisions hereof, the Tenant shall quietly enjoy the demised premises, subject, however, to the terms of this lease, and to the mortgages above mentioned, provided however, that this covenant shall be conditioned upon the retention of title to the premises by Landlord.

**SECOND.**—Subject to the provisions of Paragraph "Fourteenth" above the Landlord will furnish the following respective services: A.M. to P.M. and on Saturdays from A.M. to P.M. (a) Heat, during the same hours on each year.

And it is mutually understood and agreed that the covenants and agreements contained in the within lease shall be binding upon the parties hereto and upon their respective successors, heirs, executors and administrators.

**In Witness Whereof,** the Landlord and Tenant have respectively signed and sealed these presents the day and year first above written.

..................................................... [L. S.]
Landlord

..................................................... [L. S.]
Tenant

IN PRESENCE OF:

IF A FIRST FLOOR
INCREASED FIRE INSURANCE RATE
WATER RENT
SEWER
ELECTRIC CURRENT
SPRINKLER SYSTEM
BROKERS COMMISSIONS
NUISANCE
SECURITY
VALIDITY
EXECUTION & DELIVERY OF LEASE
WINDOW CLEANING
EXTERIOR OF PREMISES
PLATE GLASS
WAR EMERGENCY
QUIET POSSESSION
ELEVATOR
HEAT

## ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)

**State of New York, County of** } ss.:

On _____ before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
*(signature and office of individual taking acknowledgment)*

## ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)

**State of _____ County of _____** } ss.:

On _____ before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

*(insert city or political subdivision and state or country or other place acknowledgment taken)*

_____
*(signature and office of individual taking acknowledgment)*

BUILDING MSe E TREMONT

Premises.................

Commonwealth Realty    *Landlord*

to

Liquis Lounge    *Tenant*

# LEASE

## GUARANTY

In consideration of the letting of the premises within mentioned to the Tenant within named, and of the sum of One Dollar to the undersigned in hand paid by the Landlord within named, the undersigned hereby guarantees to the Landlord and to the heirs, successors and/or assigns of the Landlord, the payment by the Tenant of the rent, within provided for, and the performance by the Tenant of all of the provisions of the within lease. Notice of all defaults is waived, and consent is hereby given to all extensions of time that any Landlord may grant.

Dated,

**State of New York, County of _____** } ss.: ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
On _____ before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
*(signature and office of individual taking acknowledgment)*

## ACKNOWLEDGMENT BY SUBSCRIBING WITNESSES)

**State of _____ County of _____** } ss.:

On _____ before me, the undersigned, personally appeared

the subscribing witness(es) to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in *(if the place of residence is in a city, include the street and street number, if any, thereof);*

that he/she/they know(s)

to be the individual(s) described in and who executed the foregoing instrument; that said subscribing witness(es) was (were) present and saw said

execute the same; and that said witness(es) at the same time subscribed his/her/their name(s) as a witness(es) thereto.

(☐ *If taken outside New York State insert city or political subdivision and state or county or other place acknowledgment taken. And that said subscribing witness(es) made such appearance before the undersigned in*

_____
*(signature and office of individual taking acknowledgment)*