RICH MICHAELSON MAGALIFF MOSER, LLP
340 Madison Avenue, 19th Floor
New York, NY 10173
212.220.9405
Howard P. Magaliff

*Attorneys for Howard P. Magaliff,*
*Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                       :
                                                             :    Chapter 11
COMMONWEALTH REALTY GROUP, LLC,    :    Case No. 13-23214 (RDD)
                                                             :
                              Debtor.                        :
-------------------------------------------------------------x

**TRUSTEE'S APPLICATION FOR ORDER (i) SCHEDULING
AUCTION SALE OF THE DEBTOR'S REAL PROPERTY LOCATED
AT 1547 COMMONWEALTH AVENUE, BRONX, NEW YORK,
AND HEARING TO APPROVE SALE, (ii) APPROVING TERMS
AND CONDITIONS OF SALE, (iii) APPROVING BIDDING
PROCEDURES, AND (iv) APPROVING NOTICE PROVISIONS**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, the chapter 11 trustee (the "Trustee") of the estate of Commonwealth Realty Group, LLC (the "Debtor"), by his attorneys Rich Michaelson Magaliff Moser, LLP, respectfully states:

1.    The Debtor filed a voluntary *pro se* petition for relief under chapter 11 of the Bankruptcy Code on July 22, 2013 (the "Filing Date"). Subsequently, the Debtor retained Elizabeth A. Haas, Esq., PLLC as counsel.

2.    On October 24, 2013, the Court entered an Order granting the application of the United States Trustee to appoint a chapter 11 trustee pursuant to section 1104(a) of the Bankruptcy Code [doc. 28]. On the same day, the Unites States Trustee appointed the Trustee as

{00006172v1 }

the chapter 11 trustee [doc. 29], and on October 25, the Court entered an Order approving the Trustee's appointment [doc. 32].

3. The Debtor owns a 12-unit residential apartment building located at 1547 Commonwealth Avenue, Bronx, NY (the "Property"). The Property also had commercial space as of the Filing Date totaling in the aggregate approximately 4,000 square feet. The Property has been cited with over 300 housing code violations and as a result has been placed on the New York City Housing Preservation & Development's Alternative Enforcement Program.

4. The Trustee previously retained MYC & Associates, Inc. ("MYC") as property manager and broker, pursuant to Orders dated, respectively, October 28, 2013 [doc. 37] and November 8, 2013 [doc. 41]. Marc Yaverbaum of MYC is the main person performing these functions.

5. MYC has been actively marketing the Property since the day it was retained as the broker. Many prospective investors have expressed interest in the Property, and several have made offers. Keyoumars Keypour of QV Management Corp. made the highest offer – $650,000 cash – and has agreed to act as the stalking horse buyer at a public auction. The Trustee will in due course be filing a motion to approve the auction and sale of the Property pursuant to section 363(f) of the Bankruptcy Code, and has obtained the date May 1 for a hearing. The Trustee proposes to schedule the auction for April 29 at the Property.

6. By this Application, the Trustee seeks the following relief: (i) an order scheduling the auction sale for April 29 at 11:00 a.m. and the approval hearing for May 1 at 10:00 a.m.; (ii) approval of the terms and conditions of sale (the "Terms and Conditions of Sale") attached as Exhibit 1; (ii) approval of the bidding procedures (the "Bidding Procedures") attached as Exhibit 2; and (iv) approval of the notice of auction sale and hearing (the "Notice") attached as Exhibit 3.

2

{00006172v1 }

7.       To summarize, the Trustee proposes that the auction sale take place on April 29, 2014 at 11:00 a.m. at the Property, or at such later date and time as chosen by the Trustee upon notice to necessary parties. The auction will be conducted by Marc Yaverbaum of MYC, who has agreed to act as the auctioneer for no additional compensation beyond what MYC would be entitled to as the broker. The initial bid at the auction Sale will be the $650,000 stalking horse offer, with successive bids in increments of $25,000 or such other amount as the auctioneer, in consultation with the Trustee, determines. At the conclusion of the auction, the auctioneer will announce the highest and second highest bidders. Each bidder is required to provide a 10% deposit.

8.       The sale will be subject to Court approval at the hearing, which the Trustee asks be scheduled for May 1. The Property will be sold "as is" and "where is" pursuant to section 363(f) of the Bankruptcy Code, free and clear of all liens, claims and interests of entities other than the estate of whatever kind or nature, with such liens, claims, interests and encumbrances, if any, to attach to the proceeds of the auction sale in such order and priority as they existed immediately prior to the date of the auction sale, and subject to, among other things: (a) any state of facts that an accurate survey would show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) any purported and/or actual residential leases, tenancies and/or occupancies; (f) environmental conditions; (g) any damage or destruction between the date of the auction sale and the date of the closing; and (h) all deed restrictions. <u>The Successful Bidder will be responsible for the payment of any transfer taxes required, which will be added to the balance of the Purchase Price at Closing.</u> At the approval hearing, the winning bidder must demonstrate to the satisfaction of the Trustee and the Court his,

3

her or its ability to conclude the transaction upon the Terms and Conditions of Sale including the availability of sufficient unencumbered funds to close.

9. Bankruptcy Rule 2002(a)(2) requires 21 days' notice of the proposed sale of estate property not in the ordinary course of business. Bankruptcy Rule 6004(a) requires that notice of the sale be given in accordance with Bankruptcy Rule 2002, and Bankruptcy Rule 6004(c) requires that notice of a proposed sale under section 363(f) be given to the parties who have liens or interests in the property to be sold. Bankruptcy Rule 9007 authorizes the Court generally to regulate the entities to whom notice must be given and the form and manner of notice.

10. The Trustee proposes to serve a copy of the order approving this Application in the form of Exhibit 4, together with copies of the Terms and Conditions of Sale, the Bidding Procedures, the Notice of Sale and the motion to approve the sale upon (i) all known secured creditors and entities known to assert a lien or interest against the Property, (ii) all persons known to MYC to have expressed an interest in bidding on the Property, (iii) James Caban, principal of the Debtor, (iv) counsel for the Debtor, (v) the United States Trustee, and (vi) everyone who filed a notice of appearance, and (b) a copy of the order and the Notice of Sale only upon all creditors appearing on the ECF matrix maintained by the Clerk of the Court. The Trustee proposes to give such notice at least 30 days before the scheduled hearing, or by April 1, 2014.

11. There has been a great deal of interest in the Property. The Trustee has received a number of calls and spoken to potential investors, and has referred them to MYC for information about the Property and to conduct due diligence. MYC has marketed the Property by advertising the sale on the following websites: *www.myccorp.com*, *www.loopnet.com*, *www.zillow.com*, *www.cityfeet.com*, *www.trulia.com*, *www.propertycampaign.com* and *www.nytimes.com*. MYC also placed a "For Sale" sign on the Property to attract interest from

4

local vehicular and pedestrian traffic, and e-blasted its subscriber database. MYC will continue to market the Property until the auction, and will provide a copy of the Terms and Conditions of Sale and the Bidding Procedures to each person who expresses an interest in the Property.

12. The Trustee submits that the relief requested in this Application is procedural, not substantive, and that therefore no notice is necessary. The Trustee will give full and ample notice of the auction sale and approval hearing consistent with the Bankruptcy Rules and any orders entered by the Court.

**WHEREFORE**, for the foregoing reasons, the Trustee requests that the Court approve the Terms and Conditions of Sale, the Bidding Procedures and the Notice of Sale in the forms attached as <u>Exhibits 1-3</u>, and enter the order in the form attached as <u>Exhibit 4</u>, together with such other and further relief as the Court considers appropriate under the circumstances.

Dated: New York, New York  
       March 14, 2014

RICH MICHAELSON MAGALIFF MOSER, LLP  
Counsel for the Trustee  
By:

/s/ Howard P. Magaliff  
HOWARD P. MAGALIFF  
340 Madison Avenue, 19th Floor  
New York, NY 10173  
212.220.9402  
*hmagaliff@r3mlaw.com*

5

{00006172v1 }

**EXHIBIT 1**

**TERMS AND CONDITIONS FOR SALE OF
THE DEBTOR'S REAL PROPERTY LOCATED AT
1547 COMMONWEALTH AVENUE, BRONX, NEW YORK**

These terms and conditions, approved by Order of the Bankruptcy Court dated March __, 2014, govern the public auction sale (the "Auction Sale") of the Debtor's real property known as 1547 Commonwealth Avenue and 1756 E. Tremont Avenue, Bronx, NY (the "Property"). The seller is Howard P. Magaliff (the "Trustee"), the Chapter 11 Trustee of the debtor, Commonwealth Realty Group, LLC (the "Debtor").

1. The Auction Sale will take place on April 29, 2014 at 11:00 a.m. at the Property, or at such later date and time as chosen by the Trustee upon notice to necessary parties. The Auction Sale will be conducted by Marc Yaverbaum of MYC & Associates, Inc. (the "Auctioneer") who was previously retained by the Trustee as the Property manager and broker.

2. Information regarding the Auction Sale of the Property can be obtained by contacting Marc Yaverbaum, 110 South Avenue, Suite 61, Staten Island, NY 10314, (phone) 347.273.1258, (fax) 347.273.1358, (email) *my@myccorp.com.*

3. The initial bid at the Auction Sale shall be the $650,000 all cash bid of Keyoumars Keypour of QV Management Corp. Successive bids shall be in increments of $25,000 or such other amount as the Auctioneer, in consultation with the Trustee, determines.

4. To bid on the Property, prior to the commencement of the Auction Sale each prospective bidder ("Bidder") must deliver to the Auctioneer a certified or bank check made payable to "Howard P. Magaliff, as Trustee of Commonwealth Realty Group" in the amount of $67,500 (the "Qualifying Deposit"), being ten percent (10%) of the Initial Bid plus $2,500 equal to 10% of the initial overbid. The Qualifying Deposit shall serve as a partial good faith deposit against payment of the Purchase Price by any competing Bidder as the Auctioneer, in consulta-

1

tion with the Trustee, determines to have made the highest or best bid for the Property (the "Successful Bidder").  The Auctioneer will hold all Qualifying Deposits in escrow until the conclusion of the Auction Sale.

5. The Auctioneer, in consultation with the Trustee, reserves the sole and exclusive right to permit bidders at the Auction Sale who have not submitted a Qualifying Deposit if the he determines in his business judgment that allowing such people to bid is in the best interests of the estate.  Any person who wishes to bid at the Auction Sale without submitting a Qualifying Bid must bring a certified or bank check to the Auction Sale payable to "Howard P. Magaliff, as Chapter 11 Trustee of Commonwealth Realty Group" in the amount of $75,000.

6. Within 48 hours after conclusion of the Auction Sale, the Successful Bidder shall deliver to the Auctioneer, by certified or bank check made payable to "Howard P. Magaliff, as Chapter 11 Trustee of Commonwealth Realty Group" or by wire in immediately available federal funds, an amount equal to 10% of the high bid realized at the Auction Sale minus the Qualifying Deposit (together with the Qualifying Deposit, the "Deposit").

7. The Successful Bidder and the competing Bidder who the Auctioneer, in consultation with the Trustee, determines to have made the second highest or best bid for the Property (the "Second Highest Bidder") must execute, and thereby agree to be bound by these Terms and Conditions and the Memorandum of Sale.  At the conclusion of the Auction Sale, the Auctioneer will return the Qualifying Deposits to all Bidders, except for the Successful Bidder and the Second Highest Bidder.  The Second Highest Bidder's Qualifying Deposit shall be returned within two business days following the closing on the sale of the Property to the Successful Bidder.

8. The Successful Bidder must close title (the "Closing") to the Property at a date (the "Closing Date") that is not more than seven business days after the Bankruptcy Court approves the sale (the "Approval Date") or such other time as agreed to with the Trustee.

9. If the Successful Bidder fails to close on the sale of the Property, the Second Highest Bidder shall have up to seven business days thereafter to close on the sale of the Property or up to 21 days upon good cause shown to the Court.

10. Should the Successful Bidder fail to close on the sale of the Property, the Successful Bidder shall forfeit the Deposit. Thereafter, should the Second Highest Bidder fail to close on the sale of the Property, the Second Highest Bidder shall forfeit the Deposit.

11. The Second Highest Bidder shall not receive a credit for any funds retained by the Trustee as liquidated damages based upon the default of the Successful Bidder.

12. Closing is subject to the entry of the Approval Order. A hearing (the "Approval Hearing") will be held on May 1, 2014 at 10:00 a.m. at the Bankruptcy Court, 300 Quarropas Street, White Plains, NY to consider the Trustee's motion to sell the Property and entry of the Approval Order.

13. <u>The Successful Bidder will be responsible for the payment of any transfer taxes required. The amount of any such taxes shall be added to the balance of the Purchase Price at Closing</u>.

14. The Successful Bidder or the Second Highest Bidder, as the case may be, shall be obligated to close title to the Property and there is no contingency of any kind or nature that will permit the Successful Bidder or the Second Highest Bidder, as the case may be, to cancel or avoid his, her or its obligation under these Terms and Conditions other than the Trustee's inability to deliver insurable title to the Property. The Successful Bidder or the Second Highest

3

Bidder, as the case may be, must demonstrate to the satisfaction of the Trustee and the Court at the Approval Hearing his, her or its ability to conclude the transaction upon these Terms and Conditions including the availability of sufficient unencumbered funds to close.

15. The Property is being sold and delivered **"AS IS" and "WHERE IS"**, **"WITH ALL FAULTS"**, without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and, pursuant to section 363(f) of the Bankruptcy Code, free and clear of all liens, claims and interests of entities other than the estate of whatever kind or nature, with such liens, claims, interests and encumbrances, if any, to attach to the proceeds of the Auction Sale in such order and priority as they existed immediately prior to the date of the Auction Sale, and subject to, among other things: (a) any state of facts that an accurate survey would show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) any purported and/or actual residential leases, tenancies and/or occupancies; (f) environmental conditions; (g) any damage or destruction between the date of the Auction Sale and the date of the Closing; and (h) all deed restrictions.  By delivering their Qualifying Deposits or attending and bidding at the Auction Sale without having submitted a Qualifying Deposit, all Bidders acknowledge that they have had the opportunity to review and/or inspect the Property, the state of title thereof, and laws, rules and regulations applicable thereto, and will rely solely thereon and on their own independent investigations and inspections of the Property in making their bids.  All Bidders acknowledge that they have conducted their own due diligence in connection with the Property, and are not relying on any information provided by the Trustee, the Broker/Auctioneer, and/or the Trustee's retained professionals.

4

16. The Trustee, the Broker/Auctioneer, and the Trustee's retained professionals have not made and do not make any representations or warranties with respect to the permissible uses of the Property, the physical condition, rents, leases, expenses, operations, value of the land or improvements thereon, use or any other matter or thing affecting or related to the Property or the Auction Sale, that might be pertinent to the purchase of the Property, including, without limitation: (a) the current or future real estate tax liability, assessment or valuation of the Property; (b) the potential qualification of the Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (c) the compliance or noncompliance of the Property, in its current or any future state, with applicable current or future zoning ordinances or other land use law or regulation, or the ability of the owner of the Property to obtain a change in the zoning or use, or a variance in respect to the Property; (d) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Property from any source, including, but not limited to, any state, city, local government or federal government or institutional lender; (e) the current or future use of the Property; (f) the present and future condition and operating state of any and all machinery or equipment in the Property and the present or future structural and physical condition of any improvements thereon or its suitability for rehabilitation or renovation; (g) the ownership or state of title of any personal property in the Property; (h) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; (i) any present or future issues concerning subdivision or non-subdivision of the Property; or (j) the compliance or non-compliance of the Property with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials any-

5

{00006172v1 }

where in or on the Property. The Trustee, the Broker/Auctioneer, and the Trustee's retained professionals are not liable or bound in any manner by express or implied warranties, guaranties, promises, statements, representations or information pertaining to the Property.

17. The Trustee shall convey the Property by quitclaim deed. The quality of title shall be that which a reputable title insurance company doing business in the State of New York is willing to approve and insure, subject to the exceptions set forth in ¶¶ 15(a)-(h) herein.

18. Nothing contained in these Terms and Conditions shall supersede or alter any provisions of the Bankruptcy Code or of the Federal Rules of Bankruptcy Procedure or otherwise interfere with the jurisdiction of the Court. To the extent of any conflict between the Bankruptcy Code and/or the Bankruptcy Rules and these Terms and Conditions, the Bankruptcy Code and/or the Bankruptcy Rules shall govern. All of the terms and conditions set forth in these Terms and Conditions are subject to modification as may be directed by the Trustee or by the Court. The Trustee reserves the right to modify these Terms and Conditions at the Auction Sale or thereafter to maintain consistency with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and/or prior orders of the Court.

19. These Terms and Conditions will be read into the record, or specifically incorporated by reference, at the Auction Sale. By making a bid for the Property, all Bidders will be deemed to have acknowledged having read these Terms and Conditions of Sale and having agreed to be bound by them.

20. The Auction Sale of the Property is subject to entry of the Approval Order. Any disputes concerning the Auction Sale shall be determined by the Court. By participating in the Auction Sale, all Bidders consent to the jurisdiction of the Court to determine any disputes.

6

{00006172v1 }

21. By making a bid for the Property, all Bidders will be deemed to have acknowledged having read these Terms and Conditions of Sale and have agreed to be bound by them.

I have read these Terms and Conditions of Sale and agree to be bound by them.

By:_____

Print Name: _____

Date: _____, 2014

## MEMORANDUM OF SALE

The undersigned this ___ day of _____, 2014 agree to purchase the Property located in Bronx County, New York, New York (referred to as the "Property"), for the sum of $_____ and promises and agrees to comply with the preceding Terms and Conditions of Sale of the Property.

_____  _____
Purchaser (Signature)  Purchaser (Signature)

Name: _____  Name: _____
Address: _____  Address: _____
_____  _____
_____  _____

Phone: _____  Phone: _____
Fax: _____  Fax: _____
Email: _____  Email: _____


Received from _____ on _____, 2014 the sum of $_____ as a non-refundable (except as set forth in the Terms and Conditions of Sale) deposit for the purchase of the Property pursuant to the Terms and Conditions of Sale.

MYC & Associates, Inc.
By:

_____
Name:

**PURCHASER ATTORNEY INFORMATION**

Name: _____
Address: _____
_____
_____

Phone: _____
Fax: _____
Email: _____

{00006172v1 }

**EXHIBIT 2**

**BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S
REAL PROPERTY LOCATED AT 1547 COMMONWEALTH
AVENUE AND [1746] EAST TREMONT ROAD, BRONX, NEW YORK**

Qualifications of Bidders

1. A person who is seeking to become a qualified bidder will deliver financial information reasonably demonstrating such bidder's ability to consummate a sale on the terms proposed in the Terms and Conditions of Sale and the Memorandum of Sale, to Marc Yaverbaum at MYC & Associates, Inc. (the "Auctioneer"), 110 South Avenue, Suite 61, Staten Island, NY 10314, (phone) 347.273.1258, (fax) 347.273.1358, (email) *my@myccorp.com*, with a copy thereof provided to Howard P. Magaliff at Rich Michaelson Magaliff Moser, LLP ("R3M Law"), counsel to Howard P. Magaliff, Trustee (the "Trustee"), 340 Madison Avenue, 19th Floor, New York, NY 10173, (phone) 212.220.9402, (fax) 212.913.9644, (email) *hmagaliff@r3mlaw.com*. Such financial information must include current audited or verified financial statements of, or verified financial commitments obtained by, the potential bidder. If the potential bidder is an entity formed for the purpose of acquiring the property, an established entity or individual that will bear liability for any breach by the potential bidder shall provide the described financial information.

Qualification of Bids Prior to Auction

2. For a bid to constitute a qualifying bid, it must be for at least $675,000 (the "Qualifying Bid Amount"), which is $25,000 more than the stalking horse offer of the proposed buyer, and must be in conformance with the Terms and Conditions of Sale and Memorandum of Sale.

3. The bid must be submitted to the Auctioneer with a copy to R3M Law no later than the commencement of the Auction Sale. As set forth in the proposed Memorandum of Sale, to qualify as a qualifying bid, the bid must include a good faith deposit of $67,500, which is 10% of the Qualifying Bid Amount. The good faith deposit will be non-refundable if the bidder is selected as the successful bidder and fails to consummate the purchase. The good faith deposit shall be in the form of a certified or bank check made payable to "Howard P. Magaliff, as Chapter 11 Trustee of Commonwealth Realty Group."

4. The Auctioneer, in consultation with the Trustee, reserves the sole and exclusive right to permit bidders at the Auction Sale who have not submitted a Qualifying Deposit if he determines in his business judgment that allowing such people to bid is in the best interests of the estate. Any person who wishes to bid at the Auction Sale without submitting a Qualifying Bid must bring a certified or bank check to the Auction Sale payable to "Howard P. Magaliff, as Chapter 11 Trustee of Commonwealth Realty Group" in the amount of $75,000.

Auction Sale Procedures

5. The Auction Sale will be conducted openly and each bidder will be informed of the terms of the previous bid.

6. The Auction Sale will be conducted by the Auctioneer, in accordance with applicable Bankruptcy and Local Rules.

{00006172v1 }

7. The bidding at the Auction Sale will commence at $650,000 with bidding proceeding in increments of $25,000 or such other amount as the Auctioneer may determine.

8. Each bidder will be expected to confirm at the Auction Sale that it has not engaged in any collusion with respect to the bidding.

9. Absent irregularities in the conduct of the Auction Sale, or reasonable and material confusion during the bidding, the Court will not consider bids made after the Auction Sale has closed.

10. The Trustee will be permitted to retain the good faith deposit of the second highest bidder (the "Second Highest Bidder").  If the highest Bidder fails to close on the purchase of the Property within seven business days after the Court approves the Auction Sale and the sale of the Property or such other time as agreed with the Trustee, the Second Highest Bidder shall have seven business days after receiving notice that the highest bidder has failed to close to close on the purchase. The Second Highest Bidder's good faith deposit will be returned to the Second Highest Bidder upon the closing of the purchase by the highest bidder.

11. The good faith deposits of all other bidders will be refundable at the conclusion of the Auction Sale.

2

{00006172v1 }

**EXHIBIT 3**

| | |
|---|---|
| RICH MICHAELSON MAGALIFF MOSER, LLP<br>340 Madison Avenue, 19th Floor<br>New York, NY 10173<br>212.220.9405<br>Howard P. Magaliff<br><br>*Attorneys for Howard P. Magaliff,*<br>*Chapter 11 Trustee* | Auction Sale Date:   April 29, 2014<br>                                  11:00 a.m.<br><br>Hearing to Approve   May 1, 2014<br>Auction Sale:            10:00 a.m.<br><br>Objection Deadline:   April 25, 2014<br>                                  5:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
In re:                                                                      :
                                                                                 :   Chapter 11
COMMONWEALTH REALTY GROUP, LLC,    :   Case No. 13-23214 (RDD)
                                                                                 :
                             Debtor.                                  :
-------------------------------------------------------------- x

### NOTICE OF (i) AUCTION SALE OF THE DEBTOR'S REAL PROPERTY LOCATED AT 1547 COMMONWEALTH AVENUE, BRONX, NEW YORK, AND (ii) HEARING TO CONSIDER APPROVAL OF SALE AND HIGH BIDDER

TO ALL CREDITORS AND OTHER INTERESTED PARTIES:

      **PLEASE TAKE NOTICE** that on April 29, 2014 at 11:00 a.m. (EST) at the Property (as defined below), or at such later date and time as shall be chosen by the Trustee upon notice to necessary parties, Howard P. Magaliff (the "Trustee"), the Chapter 11 Trustee of the debtor, Commonwealth Realty Group, LLC (the "Debtor") will sell at a public auction (the "Auction Sale") the Debtor's real property known as 1547 Commonwealth Avenue and 1756 E. Tremont Avenue, Bronx, NY (the "Property"). The Property will be sold "as is" and "where is", free and clear of all liens, claims, interests and encumbrances of whatever kind or nature, with such liens, if any, to attach to the net proceeds of sale with the same validity, enforceability and priority that they had before the Auction Sale date and subject to any claims and defenses that the Trustee or the Debtor's estate may possess.

      **PLEASE TAKE FURTHER NOTICE** that the attached Order approving the terms and conditions of the Auction Sale and the bidding procedures will govern the Auction Sale and the solicitation of bids. Prospective buyers are encouraged to review the attached Order, the Terms and Conditions of Sale and the Bidding Procedures for all of the requirements for submitting qualifying bids, procedures and other important terms and conditions.

      **PLEASE TAKE FURTHER** that the initial bid at the Auction Sale shall be the $650,000 all cash bid of Keyoumars Keypour of QV Management Corp. Successive bids must be in increments of $25,000 or such other amount as may be determined at the Auction Sale. The Successful Bidder will be responsible for the payment of any required transfer taxes, which shall be added to the purchase price at closing.

{00006172v1 }

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Trustee's motion to approve the Auction Sale and the high bidder will be held on May 1, 2014 at 10:00 a.m. before the Honorable Robert D. Drain, United States Bankruptcy Judge, in his Courtroom t the United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Auction Sale and the high bidder, if any, must be in writing, conform to the Federal Rules of Bankruptcy Procedure and be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (in either case, with a hard copy delivered to Chambers), and be served upon (i) Rich Michaelson Magaliff Moser, LLP, counsel for the Trustee, 340 Madison Avenue, 19th Floor, New York, NY 10173, Attn: Howard P. Magaliff, Esq. and (ii) Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Michael Driscoll, Esq. so as to be actually received no later than April 25, 2014 at 5:00 p.m..

**PLEASE TAKE FURTHER NOTICE** that only objections made in writing and timely filed and received will be considered by the Bankruptcy Court at the hearing.

Dated:    New York, New York
          March __, 2014

> RICH MICHAELSON MAGALIFF MOSER, LLP
> Counsel for the Trustee
> By:
>
> /s/ Howard P. Magaliff
> HOWARD P. MAGALIFF
> 340 Madison Avenue, 19th Floor
> New York, NY 10173
> 212.220.9402
> *hmagaliff@r3mlaw.com*

{00006172v1 }

**EXHIBIT 4**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                        :
                                                              :    Chapter 11
COMMONWEALTH REALTY GROUP, LLC,        :    Case No. 13-23214 (RDD)
                                                              :
                              Debtor.                  :
---------------------------------------------------------------x

**ORDER (i) APPROVING TERMS AND CONDITIONS OF SALE,
BIDDING PROCEDURES AND NOTICE FOR THE SALE OF THE
DEBTOR'S REAL PROPERTY LOCATED AT 1547 COMMONWEALTH
AVENUE, BRONX, NEW YORK, (ii) SCHEDULING AN AUCTION SALE AND
(iii) SCHEDULING A HEARING ON THE MOTION TO SELL THE PROPERTY
FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f)**

Upon the application dated March 14, 2014 (the "Application") of Howard P. Magaliff (the "Trustee"), the chapter 11 trustee of Commonwealth Realty Group, LLC (the "Debtor"), for entry of an order (i) approving the terms and conditions and bidding procedures for the sale of the Debtor's real property known as 1547 Commonwealth Avenue and 1756 E. Tremont Avenue, Bronx, NY (the "Property"), (ii) scheduling an auction sale, and (iii) scheduling a hearing to consider the Trustee's motion (the "Sale Motion") to sell the Property pursuant to 11 U.S.C. § 363(f) free and clear of liens and interests of entities other than the estate and approving notice; and no notice of the Application and proposed order being necessary; and the Trustee having received a stalking horse all cash offer for the Property in the amount of $650,000 from Keyoumars Keypour of QV Management Corp. (the "Proposed Buyer"); and being that a sale of the Property is in the best interests of the estate and its creditors, and parties in interest including the residential tenants at the Property; and no adverse interest appearing, and good and sufficient cause existing for the relief requested, it is

{00006172v1 }

**ORDERED**, that the Application be, and hereby is, granted as set forth herein; and it is further

**ORDERED**, that the Trustee be, and hereby is, authorized and directed to conduct an auction sale of the Property in accordance with the requirements of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court; and it is further

**ORDERED**, that the forms of the Terms and Conditions of Sale, the Bidding Procedures and the Notice of Sale attached as <u>Exhibits 1-3</u> of the Application be, and hereby are approved; and it is further

**ORDERED**, that the Auction Sale shall take place on April 29, 2014, at 11:00 a.m. at the Property and shall be conducted in accordance with the Bidding Procedures attached as <u>Exhibit 2</u> to the Application; and it is further

**ORDERED**, that the initial bid at the Auction Sale shall be the offer from the Proposed Buyer in the amount of $650,000; and it is further

**ORDERED** that the hearing to consider approval of the Sale Motion and the Successful Bidder (as that term is defined in the Terms and Conditions of Sale) will be held on May 1, 2014 at 10:00 a.m. at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY; and it is further

**ORDERED** that the Trustee shall serve (a) a copy of this Order, the Terms and Conditions of Sale, the Bidding Procedures, the Notice of Sale and the motion to approve the sale upon (1) all known secured creditors and entities known to assert a lien or interest against the Property, (2) all persons known to MYC & Associates, Inc. (the "<u>Broker</u>") to have expressed an interest in bidding on the Property, (3) James Caban, principal of the Debtor, (4) counsel for

2

the Debtor, (5) the United States Trustee, and (6) everyone who filed a notice of appearance, and (b) a copy of this Order and the Notice of Sale only upon all creditors appearing on the ECF matrix maintained by the Clerk of the Court; and it is further

**ORDERED** that the Broker shall continue to market the Property until the Auction Sale in the manner in which the Broker, in the exercise of his business judgment, determines is the best method for soliciting offers under the circumstances.

Dated: White Plains, New York
       March ___, 2014

                                            _____
                                            Robert D. Drain
                                            United States Bankruptcy Judge

3

{00006172v1 }